BAKER, Respondent, vs. FIRST NATIONAL BANK OF LADY-SMITH and another, Appellants.

*October 26—November 14, 1911.*

*Bills and notes: Payment out of collateral: Banks and banking: Ac-commodation paper.*

1. Where a note given to a bank with collateral security has been fully paid out of sums realized by the receiver of the bank from such collateral, the receiver has no right to indorse on the note the amount which the maker has on deposit in the bank.

[2. Whether one can give an accommodation note to a bank, when he knows or ought to know that it is to be used to swell its apparent assets, and afterwards defeat a recovery thereon by the receiver of the bank on the ground that the note was without consideration, not determined.]

APPEAL from a judgment of the circuit court for Chippewa county: A. J. VINJE, Judge. *Affirmed.*

This is an action brought against an insolvent national bank and its receiver to recover a deposit of $444.47. It was admitted by the defendants that the deposit had been made, but it was alleged that plaintiff was indebted to the bank upon a promissory note of $1,277.16, and that the receiver had indorsed the amount of the deposit upon the note. The plaintiff claimed, however, that this note was without consideration, and had been given by him as an accommodation only to the bank, and hence was not binding, and this claim was met by the contention that the note was given to swell the apparent assets of the bank, and to deceive the comptroller of the currency, as well as creditors and stockholders, and that hence the plaintiff was estopped from claiming that it was an accommodation note.

The action was tried by the court without a jury, and the court found that the note was given by the plaintiff as.an accommodation note to the bank at the request of one Pederson, then president of the bank, that it was obtained by Pederson for the purpose of swelling the apparent assets, but that the plaintiff did not know that it was to be used for that purpose or that it was to be put to any wrong or unlawful use. The court further found that, prior to the appointment of a receiver, Pederson deposited with the bank certain notes and obligations as collateral security to the note and as collateral security to certain obligations of Pederson himself to the bank, which collaterals were attached to the note at the time of their delivery to the bank, but afterwards detached by some officer or employee of the bank; that the receiver had realized from said collaterals so deposited a sum in excess of the principal and interest of the note. Judgment was rendered establishing the plaintiff's demand against the bank for the full amount of the deposit, and requiring the receiver to recognize the plaintiff as a creditor of the bank to that amount

in the distribution of dividends to creditors. From this judgment the defendants appeal.

For the appellants there was a brief by *T. M. Thomas, Rufus S. Simmons,* and *S. C. Irving,* and oral argument by *Mr. Irving.*

*Charles Kirwan,* for the respondent.

WINSLOW, C. J. A number of interesting questions were discussed in this case, and among them the question whether a man could give an accommodation note to a bank, when he knows or ought to know that it is to be used to swell its apparent assets, and afterwards defeat a recovery thereon by the receiver of the bank, on the ground that the note was without consideration. Upon this question we are not to be understood as expressing any opinion. It is not necessary to do so in this case. If the note was in fact paid there can, of course, be no further claim made by any one upon it. The court found in this case that it was more than paid out of the sums collected from the collateral which Pederson deposited to secure it. Examination of the bill of exceptions shows that this finding has ample evidence to support it.

*By the Court.*—Judgment affirmed.

VINJE, J., took no part.